UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,                          No. CR 06-358 KJM

    vs.

JEFFRE SEAN SANDERSON,

ORDER

        Defendant.

        On August 31, 2011, defendant Jeffre Sean Sanderson moved to dismiss his case on the grounds that the statute under which his conviction was entered, following a guilty plea, violates the Tenth Amendment to the United States Constitution and constitutes an unlawful bill of attainder. (ECF No. 160.) The government opposes defendant's motion. (ECF No. 167.) The court heard defendant's motion at hearing on November 3, 2011. At hearing, defendant represented himself[1]; Michael Beckwith, Assistant U.S. Attorney, represented the government.

        After careful consideration, the court DENIES defendant's motion, for the reasons set forth below.

---

[1] Defendant's request to represent himself was approved by the court after a hearing on October 13, 2011. (ECF 166.)

1

# I. BACKGROUND

On August 31, 2006, defendant was indicted for manufacturing and conspiring to manufacture over 100 plants of marijuana in violation of 21 U.S.C §§ 841(a) and 846. (ECF No. 1.) On November 5, 2007, defendant pled guilty to manufacturing over 60 kilograms of marijuana. (ECF No. 50.) On April 18, 2008, defendant was sentenced to twenty-four months in prison and three-years of supervised release. (ECF No. 95.) Defendant then initiated and withdrew an appeal, with the Ninth Circuit issuing its order and mandate on November 20, 2008. (ECF No. 118.) Judgment against defendant became final on February 18, 2009.

# II. ANALYSIS

Defendant contends that the Controlled Substances Act ("CSA"), 21 U.S.C §§ 801 *et seq.*, is unconstitutional as applied to him because the "prosecution failed to show any sales, commerce, conduct or evidence that would cause this case to come within the 'Commerce Clause' or any other enumerated powers of Congress." (Reply, ECF No. 168.) In addition, defendant relies on the recent Supreme Court case of *Bond v. United States*, __ U.S. __, 131 S.Ct. 2355 (2011), as holding that an individual has the capacity to contest the constitutionality of an act of Congress that violates the Tenth Amendment. Taken together, defendant reasons the CSA is unconstitutional, this court has no jurisdiction over this case and the case therefore must be dismissed.

The government has identified various procedural hurdles defendant has failed to surmount in pursuing this motion. Even disregarding the procedural bars, defendant's argument lacks merit. Generally speaking, Congress has the power to regulate those purely intrastate activities that, in aggregate, substantially affect interstate commerce. *See, e.g.*, *United States v. Lopez*, 514 U.S. 549, 557 (1995) (noting principle in context of historical review of authorities addressing Congressional power under the Commerce Clause), *superseded by statute as stated in*

*United States v. Dorsey*, 418 F.3d 1038 (9th Cir. 2005). With respect to this case in particular, the criminalization of home-grown and home-consumed marijuana by the CSA has been held constitutional and a proper exercise of Congressional Commerce Clause authority in *Gonzalez v. Raich*, 541 U.S. 1, 25-26 (2005). In *Raich*, the Court observed that the "the activities regulated by the CSA are quintessentially economic" and "[p]rohibiting the intrastate possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product." *Id*. In the face of *Raich*, defendant has not presented any authority that supports his theory the CSA is unconstitutional as applied to him.

Defendant also contends the government passed a bill of attainder in violation of Article I, Section 9 cl. 3 of the U.S. Constitution, in proceeding against him under the CSA. (Motion, ECF No. 160.) A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977). Defendant's specific complaint is that the government's opposition to "evidence of [defendant's] altruistic conduct that I wished to be entered on the record at trial" constituted a bill of attainder. (ECF No. 168.) By definition, the government's objecting with respect to evidentiary issues during criminal litigation does not constitute a bill of attainder.

Accordingly, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: December 5, 2011.

_____
UNITED STATES DISTRICT JUDGE